# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| JOSEPH T. LUNDY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:08-CV-481 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Joseph Lundy, a *pro se* prisoner, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. On July 24, 2008, in case number WCU 08-07-0466, a Disciplinary Hearing Body ("DHB") at Westville Correctional Facility found Lundy guilty of engaging in or encouraging a group demonstration in violation of B223. On July 10, 2008, Lieutenant Puckett wrote a conduct report providing as follows:

> On 7/9/2008 at approx 1410 I, Lt. S. Puckett did see a large group of offenders in-between C and D units in north dorm hallway. I then walked towards the group and told them to go back into there [sic] units. At this time several more offenders came out of C and D units. I then called first response team and ordered the offenders back into their units or be wrote up for a group demonstration a few left. I then called for first responders again and stated group demonstration on the radio. I walked to the north dorm desk and called the shift office to advise of the situation. I then walked back to the situation and advised the offenders two more times that if they were not taking part in a group demonstration they were to return to their units I then opened the doors to the units. Several offenders returned to their units after which I then told the offenders I was closing the door last chance and nobody else went in. At this time their [sic] were 36 offenders reaming [sic] one of which was offender Lundy, Joseph #957100 of C unit. Offenders were ordered to be restrained and transported out of the facility.

(DE 7-2.) Sergeant T. Keith wrote a witness statement providing as follows:

> On 07/09/08 at approx 1410 I Sgt. Keith did see a large group of offenders in the C and D unit hallway. Lt. Puckett and I gave several orders to leave and go back to their units. They were told several times if they did not want to be wrote up for

> a group demonstration that they should return to their units. Several offenders remained one of which was offender Lundy, Joseph #957100 of C unit.

(DE 7-3.) Correctional Officer D. Whitaker also provided the following witness statement:

> On 7-9-2008 at approx 1410 I Ofc D. Whitaker observed multiple offenders from both C and D Units standing in the hallway between the C and D Unit dayrooms. Lt. Puckett was ordering all offenders that were not involved in the group demonstration to return to their bed area. Offender Lundy, Joseph #957100 of C3-3U refused to comply with this order. He was one of 36 offenders left after the order to return to the bed areas was given.

(DE 7-4.)

On July 16, 2008, Lundy was notified of the charges and received the conduct report and the two witness statements from Sergeant Keith and Officer Whitaker. (DE 7-6.) Lundy pled not guilty, requested a lay advocate, declined to request any physical evidence, and requested a witness statement from Counselor Jerry Bowman, who Lundy thought would attest that "I was talking to him and was stuck in the hallway" when the incident occurred. (DE 7-6.) A witness statement was obtained from Bowman, who instead stated, "I was not present when the group demonstration took place. When I returned to the dorm I saw Offender Lundy in handcuffs in the hallway along with other offenders." (DE 7-7.)

On July 24, 2008, a three-member DHB held a hearing on the charges. Lundy admitted that he was in the hallway at the time of the incident but stated, "I was at the officers' desk because I just moved into C and [was] asking about clothing and my job." (DE 7-9.) The DHB found Lundy guilty and imposed a sanction of six months segregation, 180 days lost earned credit time, and a credit class demotion. (*Id.*) Lundy's administrative appeals were denied. (DE 7-10, 7-11, 7-12.)

Lundy first claims that he did not get proper notice of the charges because the screening officer was "negligen[t]" in failing to "suppl[y] more details about the incident." (DE 1 at 3.) Due process requires that an offender receive written notice of the charges at least 24 hours before the hearing. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The basic purpose of the notice is to "inform [the prisoner] of the charges and enable him to marshal the facts and prepare a defense." *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). The notice should include "the number of the rule violated . . . and a summary of the facts underlying the charge." *Id.*

Here, Lundy received considerably more than 24 hours notice, since he was notified of the charges on July 16, 2008, and the hearing was held on July 24, 2008. (DE 7-6, 7-9.) The notice included the number of the rule violated, and the conduct report and two witness statements provided more than enough detail about the incident to enable Lundy to prepare a defense. It is apparent that Lundy was well aware of the nature of the incident, since he admitted being in the hallway at the time but denied taking part in the demonstration. He was also aware of the reasons behind the demonstration, which he attributed to "friction when new sergeants see themselves [as] superior to the offenders seeking counseling."(DE 7-10 ). Lundy was able to marshal a defense, explaining his reasons for being in the hallway and obtaining a witness statement that he thought would exonerate him, but the DHB found against him. Based on the record, Lundy received the notice required by *Wolff*.

Within this same claim, Lundy also appears to assert that he was denied evidence, as he states, "Investigator's report not permitted." (DE 1 at 2.) A prisoner has a limited right to call witnesses and present documentary evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. Lundy does not provide any factual support for this claim in

3

his petition or his traverse that would explain how he was denied his right to call witness or present documentary evidence. (*See* DE 1, 8.) Moreover, the record does not bear out any claim involving the denial of evidence, because the only evidence Lundy requested at the time of screening was a statement from Bowman, which the screening officer obtained. (DE 7-6, 7-7.) Accordingly, assuming such a claim is contained in the petition, it is without merit.

Next, Lundy claims that he received "ineffective assistance" from his lay advocate. (DE 1 at 3.) Due process requires that a lay advocate be appointed only in limited circumstances: where the inmate is illiterate or where "the complexity of the case makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the issues." *Wolff*, 418 U.S. at 570; *see also Miller v. Duckworth*, 963 F.3d 1002, 1004 (7th Cir. 1992). Lundy does not allege that he is illiterate, and it is apparent that he is not based on his filings in this case. Nor was this a particularly complex case. Instead it was a straightforward case which required the DHB to decide whether Lundy was present and participated in the group demonstration on the date in question. Lundy was able to marshal a defense, although ultimately it was not successful. Based on the record, Lundy was not denied due process.

Next, Lundy claims that the DHB was biased. (DE 1 at 3.) Due process affords inmates the right to have their case decided by an impartial decision-maker. *Wolff*, 418 U.S. at 539. Due process is violated where the decision-maker has direct personal involvement in the underlying incident leading to the charge. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). Lundy does not describe how the DHB was biased, although he appears to believe that they were biased because they found him guilty. (*See* DE 1 at 3.) This is not the type of "bias" prohibited by the Due Process Clause. *See Redding*, 717 F.2d at 1113. Lundy similarly claims that the officials

4

deciding his administrative appeals were biased because they also decided against him. (DE 1 at 3.) *Wolff* does not guarantee prisoners any type of appeal rights, and moreover, the fact that these officials ruled against Lundy does not establish bias under the Due Process Clause. Accordingly, this claim lacks merit.

Finally, Lundy appears to claim that the charges were filed against him because he is a sex offender. (DE 1 at 3.) "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Thus, even if Lundy could show that the charges were improperly motivated, that would not constitute an independent basis for overturning the DHB's determination. The protections against such arbitrary action are the due process protections afforded by *Wolff*, and Lundy has not established that any of his *Wolff* rights were violated.

For these reasons, the petition (DE 1) is **DENIED.**

**SO ORDERED** on January 13, 2010.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division